Peter H. BOMBARD, Plaintiff–Appellant,

v.

FORT WAYNE NEWSPAPERS, INCORPORATED, Defendant–Appellee.

No. 95–2918.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 15, 1996.

Decided Aug. 12, 1996.

Inc., ("FWN") alleging that FWN unlawfully failed to provide him with reasonable accommodation for his mental disability and then unlawfully discriminated against him by terminating him because of that disability. The district court granted summary judgment in favor of FWN. We affirm on the ground that Bombard failed to adduce sufficient evidence to make the necessary showing that he was a "qualified individual with a disability."

I

Peter H. Bombard began working for FWN in May 1986, and during the time relevant to this lawsuit Bombard served FWN as an inside sales representative. In the year prior to March 1994, Bombard began suffering from various illnesses, including severe depression with psychotic features. As a result of his depression, Bombard requested and received a short-term disability leave for several weeks, and he was scheduled to return to work on March 23, 1994.

One week prior to his scheduled return, Bombard knew that he would be unable to come back to work on March 23. On the morning of March 23, Bombard experienced a suicidal episode and was physically and emotionally unable to call his supervisor at FWN to inform her that he would not be returning to work as scheduled.

Bombard's first communication with FWN following his scheduled return date was his phone call to Charles Cammack, an employee in FWN's personnel department, on March 25. Bombard told Cammack that his doctor had released him to work part-time. Cammack responded, "We have already made our decision. And you will be getting a letter." Cammack called Bombard back ten minutes later and told him that FWN had decided to terminate him. Bombard subsequently received a termination letter signed by his supervisor, Greta Lesh, explaining that the reason for his termination was his failure to notify his manager that he would be absent from work.[1] Bombard had previously re-

Christopher C. Myers (argued), Myers & Geisleman, Fort Wayne, IN, for plaintiff-appellant.

John R. Burns, III, Steven L. Jackson (argued), Debra L. Schroeder, Baker & Daniels, Fort Wayne, IN, for defendant-appellee.

Before KANNE, ROVNER, and DIANE P. WOOD, Circuit Judges.

KANNE, Circuit Judge.

Peter Bombard filed a complaint under the Americans with Disabilities Act against his former employer, Fort Wayne Newspapers,

---

1. It is interesting to note that the record contains two substantially identical termination letters, one dated March 24 and the other dated March

25. In his deposition, Bombard identified the March 24 letter as the letter he received. Nei-

ceived a written warning on February 9, 1994, for failing to notify his manager that he would not report to work on February 1 and 2. That letter had warned: "Any future infractions of this nature will result in more severe disciplinary action, up to and including termination."

On October 5, 1994, Bombard filed a complaint against FWN alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.[2] His complaint included two legally distinct, although temporally related, claims under the ADA. The first claim was that FWN failed to provide him with reasonable accommodation, as required by 42 U.S.C. § 12112(b)(5), by not allowing him to return to work part-time. The second claim was that FWN's decision to discharge Bombard was premised upon the fact that he suffered from a disability, in violation of § 12112(b)(1).

The district court granted summary judgment on the first claim on the ground that Fort Wayne Newspapers did not breach its obligation to provide Bombard a reasonable accommodation because Bombard did not request an accommodation until after he had been terminated by FWN. The district court granted summary judgment on the second claim on the ground that Bombard had failed to produce sufficient evidence to show that FWN's nondiscriminatory reason for terminating him—his failure to notify his manager that he would be absent—was a pretext. Bombard appeals the summary judgment with regard to both claims.

## II

■ In reviewing a district court's grant of summary judgment, we assess the record *de novo* and reach our own conclusions regarding law and fact. *Thiele v. Norfolk & Western Ry. Co.*, 68 F.3d 179, 181 (7th Cir. 1995). We will not resolve factual disputes or weigh conflicting evidence. We will only determine whether a genuine issue of material fact exists for trial, which is the case where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In reaching a conclusion as to the presence of a genuine issue of material fact, we must view the evidence and draw all inferences in a way most favorable to the nonmoving party. *Tolentino v. Friedman*, 46 F.3d 645, 649 (7th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995).

■ Where there is no genuine issue of material fact, the sole question is whether the moving party is entitled to judgment as a matter of law. If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party. *Richards v. Combined Ins. Co. of America*, 55 F.3d 247, 251 (7th Cir.1995). It is not our function to scour the record in search of evidence to defeat a motion for summary judgment; we rely on the nonmoving party to identify with reasonable particularity the evidence upon which he relies. *Id.* The evidence relied upon must be competent evidence of a type otherwise admissible at trial. Thus, a party may not rely upon inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment. *Wigod v. Chicago Mercantile Exch.*, 981 F.2d 1510, 1518–19 (7th Cir.1992); *see also* FED. R. CIV. P. 56(e).

■ In deciding an appeal, we may affirm the district court's grant of summary judgment on a ground other than that relied upon by the district court below, so long as the alternative basis finds adequate support in the record. *Meredith v. Allsteel, Inc.*, 11 F.3d 1354, 1358 (7th Cir.1993).

ther party proffered an explanation for the existence of the March 25 letter.

2. Bombard's complaint also alleged that FWN violated the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., and Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq. Bombard abandoned his FMLA claim after failing to respond to the FMLA arguments in FWN's motion for summary judgment. Bombard subsequently abandoned his Title VII claim when, after the district court granted FWN summary judgment on the ADA and Title VII claims, Bombard only appealed the summary judgment on his ADA claims.

### III

■ The pertinent part of the ADA provides:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). The same section defines discrimination, in part, as

> (5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or
>
> (B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant.

42 U.S.C. § 12112(b)(5)(A)–(B). Reasonable accommodation may include such things as job restructuring and part-time or modified work schedules. 42 U.S.C. § 12111(9)(B). Before an employer may be liable for failing to provide an employee with reasonable accommodation, the employer must be aware of the employee's disability. *Beck v. University of Wisconsin Bd. of Regents*, 75 F.3d 1130, 1134–35 (7th Cir.1996); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 934 (7th Cir.1995). Once an employer's responsibility to provide reasonable accommodation is triggered, the employer must engage with the employee in an "interactive process" to determine the appropriate accommodation under the circumstances. *Beck*, 75 F.3d at 1135; *see also* 29 C.F.R. app., § 1630.9. However, we need not consider whether Bombard adduced sufficient evidence that FWN failed to provide reasonable accommodation or discharged him because of his disability. We find merit in FWN's argument raised both below and on appeal that Bombard failed to make the predicate showing that he was a "qualified individual with a disability."

The ADA proscribes discrimination against only "qualified individual[s] with a disability." 42 U.S.C. § 12112(a); *see also* 29 C.F.R. § 1630.4; 29 C.F.R. app. § 1630.9. Unlawful discrimination under the ADA includes both discriminatory discharge and the failure to provide reasonable accommodation. 42 U.S.C. § 12112(a), (b)(5)(A). In order to protest such activity, the plaintiff must meet the definition of a "qualified individual with a disability."

■ A "qualified individual with a disability" is defined, in relevant part, as: "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(9). Whether someone meets the definition of a "qualified individual with a disability" involves a two-step determination. 29 C.F.R. app. § 1630.2(m). First, we consider whether "the individual satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc." *Id.* If he does, then we must consider "whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation." *Id.* The determination as to whether an individual is a "qualified individual with a disability" must be made as of the time of the employment decision. *Id.* The plaintiff bears the burden of proof on this issue; he must be able to show that he is a "qualified individual with a disability" in order to successfully prosecute an ADA claim. *See DeLuca v. Winer Indus., Inc.*, 53 F.3d 793, 797 (7th Cir.1995).

FWN does not dispute that Bombard met the first step, i.e., that he had the requisite experience, skill, and education to perform as an inside sales representative. Nor does Bombard dispute that he could not have performed the essential functions of his job without reasonable accommodation. The dispute concerns whether Bombard put forth

sufficient evidence that he could perform the essential functions of his job with reasonable accommodation.

The only evidence Bombard offers in support of the fact that he is a "qualified individual with a disability" is his testimony in his deposition, repeated later in his affidavit: "I could have been put on part-time. In fact, on March 25, when I went to the doctor, before I knew I was terminated, that [sic] she said, 'Well, why don't we try and work just part time, half the day and gradually ease into it.'" Bombard properly acknowledges in his reply brief that his testimony regarding the doctor's statement is hearsay. Reply Br. at 9. Nevertheless, he argues that his relation of the doctor's statement is competent evidence that he was a "qualified individual" because the statement would otherwise be admissible under FED. R. EVID. 803(4).

 Rule 803(4) excepts the following from the realm of inadmissible hearsay:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

FED. R. EVID. 803(4). The Rule excepts statements made by a person seeking medical attention to the person providing that attention. Rule 803(4) does not purport to except, nor can it reasonably be interpreted as excepting, statements by the person providing the medical attention to the patient. *See Gong v. Hirsch,* 913 F.2d 1269, 1273–74 & n. 5 (7th Cir.1990) (detailing the limited scope of Rule 803(4)). Bombard's testimony regarding his doctor's statement, submitted for the purpose of establishing his ability to perform the essential functions of his job with accommodation, is therefore inadmissible and incompetent evidence to oppose summary judgment. *See Wigod,* 981 F.2d at 1519.

After removing from consideration the statement of Bombard's doctor, it is clear that Bombard has failed to produce sufficient evidence to establish a genuine issue of mate-

rial fact as to his ability to perform the essential functions of his job with reasonable accommodation. That conclusion is confirmed by Bombard's deposition testimony where he states that he was "unable to work" beginning on January 31, 1994, and continuing at least through the date of the deposition, January 20, 1995.

Because Bombard has failed to adduce sufficient evidence to show that he was a "qualified individual with a disability," he was not entitled to the reasonable accommodation he requested, nor was he protected from being discharged because of his disability. The judgment of the district court is AFFIRMED.