Dariel **BANKS**, Plaintiff,

v.

**HIT OR MISS, INC., a Delaware corporation, Defendant.**

**No. 95 C 7610.**

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 23, 1996.

Gerald A. Goldman, Arthur R. Ehrlich, Jonathan C. Goldman, Law Offices of Gerald A. Goldman, Chartered, Chicago, IL, for Plaintiff.

Michael Alan Weinberg and Heather Elaine Ross, Novack & Macey, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Dariel Banks, brought suit against her former employer, Hit or Miss, Inc. ("Hit or Miss"), alleging dismissal in violation of the Americans with Disabilities Act ("ADA"). 42 U.S.C. § 12101 *et seq.* Hit or Miss moves to dismiss Ms. Banks' second amended complaint pursuant to Rule 12(b)(6). For the following reasons, the motion is denied.

Ms. Banks suffers from heel or bone spurs in both of her feet, a condition which severely limited her ability to walk or stand for extended periods of time. She worked for Hit or Miss as an assistant manager from May 1992 until her termination on June 30, 1994. In December 1993 and January 1994, the plaintiff had foot surgery and took disability leave. In June 1994, Ms. Banks was ready to return to work and requested that Hit or Miss provide her with the following accommodations: allow her to work only eight hours per day, to take two fifteen-minute breaks during the day, to avoid standing on ladders, and to wear lace-up shoes. Hit or Miss allowed Banks to wear lace-up shoes, did not grant any other accommodations, and discharged Ms. Banks on June 30, 1994.

A motion to dismiss does not test whether the plaintiff will prevail on the merits, but whether she has properly stated a claim. *Garrett v. Chicago Sch. Reform Bd. of Trustees,* No. 95 C 7341, 1996 WL 411319, at *1 (N.D.Ill. July 19, 1996). At this juncture, a court will assume the truth of all alleged facts, construe them liberally, view them in the light most favorable to the plaintiff, and make all reasonable inferences in the plaintiff's favor. *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991). A court will grant a motion to dismiss only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cushing v. City of Chicago,* 3 F.3d 1156, 1159 (7th Cir.1993) (internal quotation marks omitted).

■ To state a claim under the ADA, a plaintiff must plead three elements: (1) that she has a "disability," (2) that she is "qualified" for the job, and (3) that she was terminated because of her disability. *Levar v. Freeman Decorating Co.,* No. 95 C 3091, 1995 WL 535129, at *1–*2 (N.D.Ill. Sept. 1, 1995). A "disability" is "(A) a physical or mental impairment that substantially limits one or more of the [plaintiff's] major life activities; ... (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

■ Whether the plaintiff has sufficiently alleged a "disability" under subsection (A) depends on "'(1) whether [her] ... condition is a physical or mental impairment; (2) whether that impairment affects a major life activity; and (3) whether the major life activity is substantially limited by the impair-

ment.'" *Patterson v. Xerox Corp.*, 901 F.Supp. 274, 277 (N.D.Ill.1995) (quoting *Pacourek v. Inland Steel Co.*, 858 F.Supp. 1393, 1404 (N.D.Ill.1994)).

A "physical or mental impairment" is "[a]ny physiological disorder, or condition ... affecting one or more of the following body systems: ... musculoskeletal." 29 C.F.R. § 1630.2(h)(1). A "major life activity" includes, but is not limited to, "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). A "major life activity" is substantially limited if a person is "either unable to perform a major life function or is 'significantly restricted as to the condition, manner or duration' under which the individual can perform a particular major life function, as compared to the average person in the general population." *Homeyer v. Stanley Tulchin Assocs.*, 91 F.3d 959, 961 (7th Cir.1996) (quoting 29 C.F.R. § 1630.2(j)). A "qualified" individual is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

■ Ms. Banks has stated a claim under the ADA.[1] First, she has pleaded that she has a disability, her foot problems. The plaintiff has alleged that she suffers from a physical impairment, "heel or bone spurs in both of her feet." (2d Am. Compl. ¶ 7.) She has also alleged that the impairment affects the major life activities of walking, standing, and running. (2d Am.Compl. ¶¶ 7, 10, 11.) Finally, Ms. Banks has alleged that the impairment substantially limits these major life activities. (2d Am.Compl. ¶¶ 7, 11; Pl.'s Resp. to Def.'s Mot. to Dismiss at 3.[2]) Second, Ms. Banks has alleged that she is "qualified" for the job. (2d Am.Compl. ¶¶ 7, 10.) Third, the plaintiff has alleged that she was terminated because of her disability. (2d Am.Compl. ¶ 12.)

■ Hit or Miss insists that the complaint must be dismissed because Ms. Banks' alleged disability is not permanent or near-permanent. I agree that Ms. Banks would have "pleaded herself out" had she admitted that the operations corrected her foot problems and that the accommodations she requested were necessitated only by the short-term post-operative condition. *Hamm v. Runyon*, 51 F.3d 721, 725 (7th Cir.1995) (quoting *Vande Zande v. Wisconsin Dep't of Admin.*, 44 F.3d 538, 544 (7th Cir.1995)) ("[i]ntermittent, episodic impairments are not disabilities"); *Gonzalez v. Perfect Carton Corp.*, No. 95 C 5476, 1996 WL 89058, at *2 (N.D.Ill. Feb. 28, 1996) (failure to state a claim under ADA because allegation of "temporary, non-chronic impairment[ ] of short duration") (quoting 29 C.F.R. pt. 1630, App.). Here, however, Ms. Banks alleges an ongoing disability, punctuated by two interven-

---

**1.** The ADA's "disability" definition contemplates the situation whereby the plaintiff is not, in fact, impaired but is "regarded" as such by the employer. 42 U.S.C. § 12102(2)(C); 29 C.F.R. § 1630.2(1). In one sentence of the complaint, Ms. Banks appears to attempt to fit herself under the above prong, but does not plead in the alternative. (2d Am.Compl. ¶ 12.) The use by the statute of the disjunctive "or" in the "disability" definition indicates that Ms. Banks can ultimately win by proving either that she was disabled or that she was regarded as disabled, not both. 42 U.S.C. § 12102; 29 C.F.R. pt. 1630, App. ("[i]f an individual cannot satisfy either the first ... or the second ... part of the ["disability"] definition, he or she may be able to satisfy the third"). Nevertheless, her unartful pleading will not prevent Ms. Banks from discovering, if she so chooses, evidence of Hit or Miss' perception of and attitude towards her foot problems, keeping in mind that she would still have to demonstrate that the impairment in question, whether perceived or real, "substantially limited a major life activity." *Marschand v. Norfolk & W. R.R. Co.*, 876 F.Supp. 1528, 1540 (N.D.Ind.1995), *aff'd*, 81 F.3d 714 (7th Cir.1996).

**2.** Hit or Miss contends that Ms. Banks' use of the phrase "[p]laintiff continued to need the reasonable accommodations through 1995" shows that she is presently free from the impairment. Ms. Banks responds that "[t]he date of 1995 was not meant as a time limit[, but] ... was used because the [original c]omplaint was filed in 1995" and that the plaintiff's "limitations continue to this date, despite the [d]efendant's unsupported claims that her surgery corrected her problems." (Pl.'s Resp. to Def.'s Mot. to Dismiss at 3 & n1.) Ms. Banks' assertions in her Response do not contradict her complaint allegations. Therefore, I may consider them for the purposes of a motion to dismiss. *Highsmith v. Chrysler*, 18 F.3d 434, 439–40 (7th Cir.1994); *Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir.1992).

ing operations. I disagree with the defendant's contention that I should surmise the extent and severity of Ms. Banks' disability from the accommodations she requested from Hit or Miss. In short, whether Ms. Banks' disability substantially limits one or more major life activities is a "fact-based inquiry and determination [which] is not generally motion to dismiss territory".[3] *Homeyer*, 91 F.3d at 962.

 Hit or Miss also argues that Ms. Banks has not adequately alleged that she is "qualified" for the job of assistant manager. Citing, *inter alia*, Judge Norgle's opinion in *Levar*, Hit or Miss contends that it is not enough for Ms. Banks to identify the position to which she claims to be entitled, but that she must also identify the essential functions of that position. The standard enunciated in *Levar* must be seen in context. There, the complaint "fail[ed] to allege in what position [the plaintiff] was entitled to be employed" and "[n]othing in the complaint indicate[d] that Levar had the requisite skill, experience, education and other job-related requirements of any position listed in the attachments to his complaint." *Levar*, 1995 WL 535129, at *2; *see also* 29 C.F.R. 1630.2(m) (definition of "qualified"). In the case at bar, by contrast, Ms. Banks alleges that she worked as an assistant manager in a retail clothing establishment from May 1992 to June 30, 1994. (2d Am.Compl. ¶¶ 8, 9.) Thus, not only does Ms. Banks allege in what position she was entitled to be employed, the fact that Hit or Miss retained her services in the capacity of an assistant manager certainly allows the inference that Ms. Banks possessed the requisite skill, experience, education and other job-related requirements for the position she held.

Finally, Hit or Miss asserts that Ms. Banks' damages request exceeds the statutory limit of $300,000 and contains unauthorized attorneys' fees. (2d Am.Compl. ¶¶ 13–16.) Ms. Banks clarifies that her "prayer for relief is limited to $300,000." (Pl.'s Resp. to Def.'s Mot. to Dismiss at 4.) As to the

attorneys' fees, the defendant is wrong—they are authorized. 42 U.S.C. § 12205.

### Conclusion

For the reasons stated above, the defendant's motion to dismiss is denied.

---

3. The vast majority of cases cited by Hit or Miss are summary judgment dismissals, giving the court much better developed records.