**Bryant LONG, Plaintiff,**

v.

**CHICAGO TRANSIT AUTHORITY, Defendant.**

**No. 97 C 1062.**

United States District Court, N.D. Illinois, Eastern Division.

Oct. 27, 1997.

Mitchell Bruce Katten, Roseanne Loftus, O'Rourke & Griffin, Chicago, IL, for Plaintiff.

Kathleen Hope Herrmann, Glenn William Kaun, Chicago Transit Authority, Corporate Law Dept., Chicago, IL, for Defendant/Respondent.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Chicago Transit Authority's ("CTA") motion to dismiss plaintiff Bryant Long's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, defendant's motion is granted.

### I. BACKGROUND

Plaintiff Bryant Long ("Long") alleges the following facts which, for the purposes of this motion, are taken as true. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). When Long was eleven years old, he had both of his feet partially amputated and was fit with prosthetics. Subsequently, Long graduated from high school and completed two years of college. Currently, Long has an unrestricted driver's license and has maintained an excellent driving record for twelve years. Long is well coordinated and in excellent health.

In April of 1995, Long applied for the position of bus operator with the CTA. The CTA had Long take several preemployment tests. After Long passed the tests, the CTA told Long to get a commercial driver's license. Long obtained a commercial driver's license permit on May 23, 1995. At that time, the CTA made an offer to employ Long. The CTA made the offer contingent on Long passing a drug test and a physical examination which were to be administered on June 1, 1995.

Long passed the eye test, hearing test, and the drug test. However, when the CTA learned that Long was an amputee, the CTA told Long that it could not hire him unless he obtained a waiver from the United States Department of Transportation ("DOT"). The CTA also told him that DOT would only issue the waiver if the CTA signed the necessary forms to obtain the waiver and that it would only sign the forms if he obtained a "release from his doctor."

Long then consulted an orthopedic surgeon, Dr. Clare Giergerich, who determined, after examining Long, that he was fit to work as a bus driver. Dr. Giergerich signed the forms. Long then submitted the forms to

the CTA for the CTA to sign.[1] However, the CTA refused to sign the forms.

On February 12, 1996, Long filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of a disability in violation of the ADA. On November 25, 1996, Long received a right to sue letter from the EEOC.

Long then filed this suit against the CTA, alleging disability discrimination in violation of Titles I and II of the Americans with Disabilities Act of 1990 ("ADA"). 42 U.S.C. §§ 12101–12213. The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. Long claims that the CTA has intentionally discriminated against him on the basis of his disability, which has deprived him of equal employment opportunities and adversely affected his status as an applicant for employment.

The CTA has filed a motion to dismiss Long's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The CTA argues that Long has failed to establish that he is a qualified individual with a disability and, therefore, is not protected by the ADA.

## II. *DISCUSSION*

### A. *Legal standard for deciding a Rule 12(b)(6) motion to dismiss*

■ When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill. 1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would enti-

tle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Furthermore, a court may dismiss a claim on a Rule 12(b)(6) motion to dismiss if the plaintiff pleads sufficient facts to show that the plaintiff's suit is without merit. *Tregenza v. Great Am. Communications Co.,* 12 F.3d 717, 718 (7th Cir.1993). That is to say, a plaintiff may plead himself out of court by pleading facts sufficient to establish that he has no legal claim. *Stewart v. RCA Corp.,* 790 F.2d 624, 632 (7th Cir.1986); *Trevino v. Union Pac. R.R. Co.,* 916 F.2d 1230, 1234 (7th Cir.1990).

### B. *Whether Long's allegations state a claim under the ADA*

■ Long has claimed that the CTA violated the ADA because the CTA refused to hire Long on the basis of his disability. "The ADA proscribes discrimination against only 'qualified individuals with a disability.'" *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 563 (7th Cir.1996) (citing 42 U.S.C.A. § 12112(a)). In order to state a claim for disability discrimination under the ADA, a plaintiff must allege that (1) he has a disability; (2) he is "qualified" for the job; and (3) he suffered an adverse employment decision because of his disability. *Banks v. Hit or Miss, Inc.,* 946 F.Supp. 569, 570 (N.D.Ill.1996); *see also Bombard,* 92 F.3d at 563.

■ The parties do not dispute that Long has sufficiently alleged that he has a disability. The disagreement in this case is over whether Long is "qualified" for the position of bus operator. Long argues that he is "qualified" for the position. The CTA, however, contends that Long is not "qualified" because he did not have a waiver from DOT at the time that he applied with the CTA for the position of bus operator. Therefore, the issue is whether Long has sufficiently alleged that he is "qualified" for the position of bus driver even though Long had not obtained a waiver from DOT.[2]

---

1. Long alleged that he "submitted the DOT waiver to the CTA for the CTA to sign." (Compl.¶ 17.) From the complaint's allegations, however, it is clear that what Long submitted to the CTA were the forms necessary to obtain the DOT waiver.

2. The court notes that Long has alleged that he was "qualified" for the position of bus driver. However, Long's complaint unequivocally establishes that Long had not obtained the waiver before filing his charge of discrimination with the EEOC and this lawsuit. Therefore, it is prop-

A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). To determine whether an individual satisfies the definition of a "qualified individual with a disability," the court must make a two-step determination. *Bombard,* 92 F.3d at 563 (citing 29 C.F.R. app. § 1630.2(m)). First, the court must determine whether "the individual satisfies the prerequisites for the position, such as possessing the appropriate experience, skills, licenses, etc." *Id.* If the individual does, the court must then determine "whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation." *Id.* The determination as to whether the individual is a "qualified individual with a disability" must be made as of the time of the adverse employment decision. *Weiler v. Household Finance Corp.,* 101 F.3d 519, 524 (7th Cir.1996); *Bombard,* 92 F.3d at 563.

The CTA argues that Long does not satisfy the first requirement because Long did not satisfy the prerequisites for the position. Specifically, the CTA argues that Long must have obtained a waiver from DOT in order for the CTA to be able to hire him as a bus operator.

The Illinois Motor Carrier Safety Law, 625 ILCS § 5/18b–101 to 111, sets out rules and regulations that apply to "all persons employing drivers, drivers and commercial motor vehicles which transport property or passengers in interstate or intrastate commerce." § 5/18b–106. "Person" is defined to include, among others, any government body, company, corporation or any other legal entity. § 5/18b–101. The law provides that "[t]ransportation by motor vehicle of persons or property in commerce that is not in compliance with this Chapter or any rules or regulations issued under this Act is prohibited." § 5/18b–103.

With regard to qualifications of drivers, the Illinois Motor Carrier Safety Law has

adopted part 391 of title 49 of the Code of Federal Regulations in full. § 5/18b–105. Pursuant to 49 C.F.R. § 391.41(a), "[a] person shall not drive a commercial motor vehicle unless he/she is physically qualified to do so. . . ." A person is not physically qualified to drive a commercial motor vehicle if he has a loss of a foot or an impairment of a foot which interferes with his ability to perform normal tasks associated with the operating a commercial motor vehicle unless he has been granted a waiver pursuant to § 391.49. 49 C.F.R. § 391.41(b)(1)–(2). 49 C.F.R. § 391.49 provides that an individual who is not physically qualified to drive a commercial motor vehicle may obtain a waiver if certain prerequisites are met. A letter for application for a waiver may be submitted unilaterally by a driver applicant. 49 C.F.R. § 391 .49(a)–(b).

In the present case, Long was not physically qualified to be a CTA bus driver at the time that the CTA allegedly refused to hire him. 625 ILCS § 5/18b–101 to 111; 49 C.F.R. § 391.41(a)–(b). At the time that he applied for the position of bus driver, Long's feet had been partially amputated. Therefore, in order for Long to be qualified to operate a CTA bus under the Illinois Motor Carrier Safety Law, Long had to obtain the DOT waiver. 625 ILCS § 5/18b–105; § 391.49(a). Long failed to obtain the required waiver. Thus, Long cannot meet the definition of a "qualified individual with a disability" because Long failed to satisfy a prerequisite for the position of bus driver with the CTA. *See Bombard,* 92 F.3d at 563.

Long argues that DOT would only issue him the waiver if the CTA signed the necessary forms. (Compl.¶ 15). He contends that because the CTA refused to sign the forms, Long could not obtain the waiver. (Compl.¶ 19). However, the CTA was not required by law to join Long in his application; it was merely one of the options available in applying for a waiver. § 391.49(b). Long could have obtained this waiver by submitting a letter of application for a waiver unilaterally. *Id.* This he failed to do. With-

er for the court to rule on a 12(b)(6) motion to dismiss whether Long's failure to obtain the waiver shows that Long has failed to state a

claim upon which relief can be granted. *E.g., Tregenza v. Great Am. Communications, Co.,* 12 F.3d 717, 718 (7th Cir.1993).

out the required DOT waiver, Long is not qualified for the position of a CTA bus operator.

Long also argues that the CTA still should have hired him even though he did not have the required waiver. This argument is meritless. Long applied for the position of bus operator. He does not allege that he applied for or was qualified for any other position with the CTA. As discussed, Long was not "qualified" to operate a CTA bus. Thus, the CTA did not violate the ADA when it allegedly refused to hire Long for the position of bus driver. *See Sieberns v. Wal–Mart Stores, Inc.*, 125 F.3d 1019, 1021–23 (7th Cir. 1997).

■ There is one important point which the court must emphasize at this time. On October 21, 1997, Long filed a Motion to Inform the Court that the United States Department of Transportation Granted a Training Waiver on Behalf of Bryant Long. In the motion, Long informs the court that on September 15, 1997, DOT issued Long a waiver to allow Long to participate in the CTA's training program. The fact that DOT granted Long a training waiver does nothing to affect this court's opinion. The Seventh Circuit has explicitly stated that "[t]he determination of whether an individual is a 'qualified individual with a disability' must be made at the time of the employment decision." *Bombard*, 92 F.3d at 563. Long's complaint unequivocally establishes that he had not obtained the requisite waiver at the time that Long filed the charge of discrimination with the EEOC or at the time he filed suit in this court. Thus, at the time the CTA allegedly refused to hire Long, he did not have the waiver, and it is at that point to which the court must look to determine whether Long was a "qualified individual with a disability."

In sum, Long can prove no set of facts consistent with the complaint that would demonstrate he is a "qualified individual with a disability." Long has alleged facts which establish that he was not qualified for position of bus driver at the time that the CTA allegedly refused to hire him. Thus, because he is unable to state a claim for disability discrimination under the ADA, Long's complaint is dismissed.

## III. *CONCLUSION*

For the foregoing reasons, the court grants defendant Chicago Transit Authority's motion to dismiss plaintiff Bryant Long's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Bryant Long's complaint is dismissed.