**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1511**

WILLIAM J. TSAI,

              Plaintiff - Appellant,

       v.

MARYLAND AVIATION,

              Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    William D. Quarles, Jr., District
Judge.   (1:06-cv-01937-WDQ)

Argued: October 31, 2008          Decided: December 31, 2008

Before NIEMEYER and AGEE, Circuit Judges, and Liam O'GRADY,
United States District Judge for the Eastern District of
Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Shannon Micah Salb, LIPPMAN & SEMSKER, P.L.L.C.,
Bethesda, Maryland, for Appellant.   William Clinton Lindsey,
MARYLAND AVIATION ADMINISTRATION, BWI Airport, Maryland, for
Appellee.   **ON BRIEF:** Gwenlynn W. D'Souza, Bethesda, Maryland,
for Appellant.    Douglas F. Gansler, Attorney General of
Maryland, Baltimore, Maryland; Louisa H. Goldstein, Assistant
Attorney General, MARYLAND AVIATION ADMINISTRATION, BWI Airport,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Tsai brought a Title VII discrimination suit against his employer, the Maryland Aviation Administration (MAA). Mr. Tsai, a native of Burma, alleged that MAA refused to reclassify his administrative position into a higher pay grade for discriminatory and retaliatory reasons in violation of Title VII. MAA filed a motion captioned "motion to dismiss or in the alternative for summary judgment" and attached exhibits. Mr. Tsai responded with a memorandum and additional evidentiary material. After reviewing these materials, the district court granted summary judgment for MAA. On appeal, Mr. Tsai asserts that he lacked notice that the court would treat MAA's motion as one for summary judgment, and that the court erred in granting that motion. Because we conclude that Mr. Tsai had sufficient notice and that summary judgment was warranted, we affirm.

I. Background.

The following facts are drawn from the pleadings, affidavits and exhibits, and are characterized in the light most favorable to Mr. Tsai as the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

William Tsai has worked as an engineer and administrator for MAA since 1986. He is currently classified as an Administrator II, Grade 17. MAA is a Maryland state agency that

3

owns and operates Baltimore-Washington International Thurgood Marshall Airport (BWI).

On December 20, 2000, Mr. Tsai filed a complaint against MAA in the Circuit Court for Howard County, Maryland, which alleged that MAA had retaliated against him for his prior filing of discrimination charges. Previously, Tsai had filed four discrimination complaints with the Maryland Commission on Human Relations (MCHR) and the Equal Employment Opportunity Commission (EEOC), as well as approximately thirty grievances with MAA and the Maryland Department of Transportation (MDOT).

On May 6, 2002, MAA and Mr. Tsai agreed to settle all claims, including the December 2000 lawsuit, the state agency and EEOC charges, and the MDOT grievances. MAA agreed to pay Tsai $10,000, raise his pay grade, and transfer him to the Office of Maintenance as an Administrator II, Chief of Electrical Projects, Utilities Division. In return, Tsai agreed to dismiss all grievances and charges and dismiss his Howard County Circuit Court lawsuit with prejudice.

On October 10, 2003, Tsai sought and obtained the approval of his supervisors to apply for reclassification to a higher pay grade, from Grade 17 to Grade 19. JA 128-29. In February 2004, Rod Grimes, a classification officer for the MAA, performed a Position Appraisal Method ("PAM") analysis to determine whether Tsai should be reclassified. JA 122-27. Grimes referred the

4

results of the PAM analysis to his supervisor, Diane Walker, in a report that described Mr. Tsai's duties and responsibilities, evaluated Mr. Tsai's performance, and analyzed Mr. Tsai's position under the PAM method. JA 120-127. Mr. Tsai's point level was 460 on the PAM scale, which fell near the lower end of the 450-509 point range for his current Grade 17 classification. JA 125. On the basis of the PAM analysis, Mr. Grimes concluded that Mr. Tsai's position was appropriately classified as Administrator II/Grade 17 and did not merit reclassification to the higher level. JA 125.

On February 12, 2004, Ms. Walker sent a memorandum to Mr. Tsai's immediate supervisor Hamad Gazy stating that "the Classification and Compensation Section has completed the study you requested and concluded that the position is properly classified at its current class and grade." JA 120. On February 17, 2004, Mr. Tsai received notice of the results of his application for reclassification. JA 120. On March 22, 2004, he met with Ms. Walker to discuss the results of the reclassification study.

Once again dissatisfied, on December 1, 2004, Mr. Tsai filed a charge with the EEOC. The EEOC issued him a right to sue letter on November 30, 2005. On or about February 17, 2006, Mr. Tsai filed a complaint against MAA in the Circuit Court for Howard County, Maryland. This complaint alleged national-origin

5

discrimination and retaliation under Title VII. Specifically, the complaint alleged that MAA refused to reclassify Mr. Tsai's position in retaliation for the prior discrimination claims he had filed against MAA. He also alleged that his national origin was a determining factor in MAA's decision not to reclassify his position or give him a promotion. On July 27, 2006, MAA removed the case to the United States District Court for the District of Maryland.

On December 8, 2006, before discovery, MAA brought a motion captioned "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," and attached seven exhibits. MAA made three arguments: (1) Mr. Tsai's charges of discrimination were barred by the statute of limitations as untimely filed with the EEOC; (2) Mr. Tsai's claims were res judicata due to the prior lawsuit and settlement agreement; (3) Mr. Tsai had failed to state a claim for discrimination or retaliation under Rule 12(b)(6). Mr. Tsai filed a responsive brief entitled "Plaintiff's Memorandum of Points and Authorities In Opposition To Defendant's Motion to Dismiss or For Summary Judgment," to which he attached the entire EEOC record for his discrimination claim. This exhibit contained the PAM Report prepared by Mr. Grimes.

On April 23, 2007, the district court granted summary judgment for MAA. The court found that MAA had provided evidence of a legitimate non-discriminatory reason for denial of

6

Mr. Tsai's reclassification request, and that Mr. Tsai had "failed to produce affirmative evidence of pretext to survive summary judgment." JA 250. The court reasoned that the multi-factor PAM analysis used "only non-discriminatory criteria to conclude that reclassification was not appropriate," that MAA had provided the PAM report to Mr. Tsai, and that "Tsai provided no explanation why he believes the PAM analysis was incorrectly performed, nor any other evidence to support his conclusory allegation that the PAM Report was a pretext for unlawful discrimination." JA 250-51. Mr. Tsai then filed a "Motion to Set Aside Summary Judgment and to Open Discovery" pursuant to Fed. R. Civ. P. 60(B)(6), which the district court denied on June 7, 2007.

## II. Discussion.

A. <u>Standard of Review</u>.

Summary judgment is appropriate when "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Clark v. Alexander</u>, 85 F.3d 146, 150 (4th Cir. 1996); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). Mere speculation by the non-moving party "cannot create a genuine issue of material fact." <u>Beale v. Hardy</u>, 769 F.2d 213, 214 (4th Cir. 1985); <u>see also</u> <u>Ash v. United Parcel Serv., Inc.</u>, 800 F.2d 409,

7

411-12 (4th Cir. 1986).  Entry of summary judgment is mandated

"against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at

trial."  Celotex, 477 U.S. at 322.  We review a grant of summary

judgment de novo, Higgins v. E.I. DuPont de Nemours & Co., 863

F.2d 1162, 1167 (4th Cir. 1988), and view the facts in the light

most favorable to the non-moving party.  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 255 (1986).


B.    Mr. Tsai Was On Notice That MAA Sought Summary Judgment and

      Had a Reasonable Opportunity to Respond.

      Mr. Tsai's principal contention is procedural.  He argues

that the district court violated Rule 12(b) of the Federal Rules

of Civil Procedure by failing to give him proper notice that it

would treat MAA's motion as a motion for summary judgment.  At

the time the court considered this motion,[1] Rule 12(b) provided

that:

---

[1]    Pursuant to the "stylistic" amendments to the Rules made effective December 1, 2007, this provision has been restated and relocated to subsection 12(d).  Rule 12(d) now provides:

> If on a motion under 12(b)(6) or 12(c), matters outside of the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties

8

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given <u>reasonable opportunity</u> to present all material made pertinent to such a motion . . . .

Fed. R. Civ. P. 12(b) (emphasis added). Mr. Tsai claims that if he had been aware that the court would treat MAA's motion as a motion for summary judgment, he would have presented additional evidence in his opposition and/or requested additional discovery pursuant to Rule 56(f). <u>See</u> JA 265. We hold that he had ample notice and a reasonable opportunity to respond.

This Court confronted a nearly identical situation in <u>Laughlin v. Metropolitan Washington Airports Authority</u>, 149 F.3d 253 (4th Cir. 1998). The plaintiff Laughlin argued that the district court abused its discretion when it "converted" defendant's motion to dismiss into a Rule 56 motion for summary judgment. <u>Id.</u> at 260. The defendant in <u>Laughlin</u> captioned its pleading as a "Motion to Dismiss, or, in the alternative, Motion for Summary Judgment," and submitted affidavits and other materials with its motion. Plaintiff Laughlin submitted an opposition brief entitled "Memorandum in Opposition to

---

> must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (2008).

9

Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment," to which she attached supporting materials as well. We reasoned that "[o]n the basis of [Laughlin's] own actions-captioning her memorandum and filing affidavits-it appears that Laughlin had actual notice that the motion could be disposed of as one for summary judgment." Id. at 261.

Likewise here, MAA captioned its motion as a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," and attached seven exhibits. Mr. Tsai captioned his opposition "Plaintiff's Memorandum of Points and Authorities In Opposition To Defendant's Motion to Dismiss *or For Summary Judgment*," (emphasis added), and attached the EEOC record as an exhibit to his memorandum. He cannot plausibly argue that he lacked notice that MAA was moving for summary judgment, given that he acknowledged as much in the title of his responsive pleading and even put additional evidence before the court of his own volition. Nor can Mr. Tsai successfully argue that the district court had an obligation to formally notify him that the motion would be treated as one for summary judgment. "The district court, while it clearly has an obligation to notify parties regarding any court-instituted changes in the pending proceedings, does not have an obligation to notify parties of the obvious." Laughlin, 149 F.3d at 261.

10

Moreover, if Mr. Tsai's attorney thought he needed additional discovery, he could have moved under Rule 56(f), which permits the court to order additional discovery where a party lacks sufficient facts to oppose a motion for summary judgment. See Fed. R. Civ. P. 56(f). He failed to make such a motion, and in doing so has waived any argument for additional discovery. See Laughlin, 149 F.3d at 261 (citing Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995)).[2]

Mr. Tsai's case is distinguishable from Finley Lines Joint Protective Board v. Norfolk Southern Corp., 109 F.3d 993 (4th Cir. 1997). In Finley, defendant Norfolk Southern filed a motion to dismiss under Rule 12(b)(6) and attached two affidavits to its memorandum in support of the motion. Id. at 994. Unlike here and Laughlin, Norfolk Southern did not caption its motion as a motion for summary judgment in the alternative. Id. Thus, the district court in that case had to choose whether to exclude the affidavits or to "convert" Norfolk Southern's

_____

[2] Mr. Tsai sought in his pleadings to limit the district court's consideration of the evidentiary material on the grounds that it pertained only to the statute of limitations and res judicata arguments. But parties cannot so limit the court's inquiry. On summary judgment the court must review the record "taken as a whole." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000). It is of no legal significance that a party intended the evidence to pertain to discrete issues. Furthermore, Mr. Tsai himself submitted the evidence upon which the district court primarily relied in granting summary judgment by attaching the PAM Report to his opposition.

11

motion to dismiss into a motion for summary judgment. Nor did the plaintiff Finley attach additional evidence to its opposition brief. Id. Because the district court converted a straightforward motion to dismiss into one for summary judgment without giving plaintiff the "reasonable opportunity to present all material made pertinent to such a motion by Rule 56," we reversed. Id. at 996 (quoting Fed. R. Civ. P. 12(b)(6)).

The facts of this case, however, are in accord with Laughlin. Defendant MAA brought a motion to dismiss or for summary judgment in the alternative and attached supporting material. Plaintiff responded and attached additional material, thereby demonstrating his awareness that the disposition of the motion would involve material outside of the complaint. Unlike Finley, the district court here did not need to "convert" the motion into one for summary judgment because defendant already had made such a motion and plaintiff had responded by attaching the complete EEOC record.

In sum, because Mr. Tsai received ample notice that MAA was moving for summary judgment we must reject his procedural challenge.

C.   The District Court Properly Granted MAA's Motion For Summary Judgment.

Turning to the merits, the district court assumed (without finding) that Mr. Tsai had presented a prima facie case and held that MAA had a legitimate, non-pretextual reason for not promoting or reclassifying him.  The court relied upon the non-discriminatory nature of the eight-factor PAM analysis, which Mr. Tsai had provided to the court as an exhibit to his opposition memorandum.  JA 251.  Mr. Tsai argued to the district court that he was qualified for the higher pay grade, that his reclassification was recommended by four of his superiors, and that MAA incorrectly performed the PAM analysis.  JA 251.  The district court, however, noted that Mr. Tsai relied upon only a single memorandum by his immediate supervisor Mr. Gazy, which contained a description of Mr. Tsai's work duties but did not compare Mr. Tsai's present job duties as an Administrator II to those required of an Administrator IV.  Furthermore, the memorandum's description of his job duties was incorporated into the PAM analysis and used as a basis for rating Mr. Tsai's current position.  JA 252.  Finally, the district court noted that Mr. Tsai had no evidence or credible argument for why MAA incorrectly performed the PAM analysis.  Accordingly, the court concluded that Mr. Tsai had failed to raise a triable issue and granted summary judgment for MAA.  Id.

13

Upon review, we find that the district court's grant of summary judgment was warranted because Mr. Tsai failed to identify evidence that could lead a reasonable juror to find that MAA discriminated against him. See Holland v. Washington Homes, Inc., 487 F.3d 208, 217 (4th Cir. 2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"); see also Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party"). Under the law of this Circuit, conclusory allegations or statements are not sufficient to establish discrimination. Causey v. Balog, 162 F.3d 795, 801 (4th Cir. 1998). Furthermore, to demonstrate pretext, a plaintiff either must show that the employer's explanation for the employment action is "unworthy of credence," or offer evidence probative of intentional discrimination. Mereish v. Walker, 359 F.3d 330, 336 (4th Cir. 2004).

MAA's basis for refusing to promote Mr. Tsai was the PAM analysis and report, which concluded that his position was correctly classified. The PAM analysis considered eight neutral

14

factors in determining whether Mr. Tsai's position was properly classified: (1) required knowledge; (2) supervision exercised/scope of responsibility; (3) scope and effect of decisions and actions; (4) problem-solving and complexity; (5) application of authority; (6) purpose and nature of work contacts; (7) work environment and hazards; (8) dexterity and physical requirements. JA 123-125. The PAM method assigned point scores for each of the eight factors based on the particular characteristics of his job duties. The analysis also relied on Gazy's memorandum, which was favorable to Mr. Tsai, for a description of his work duties. Nonetheless, the total point score for Mr. Tsai's position (460) was at the bottom end of the range (450-509) for his present Administrator II, Grade 17 classification.

An employer's reliance on objective evaluation factors defeats a discrimination claim unless the plaintiff offers specific evidence of pretext. See Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 267-268 (4th Cir. 2005). Here the PAM Report did not evaluate the quality of Mr. Tsai's specific job performance, but instead focused on the duties generally entailed in Mr. Tsai's position. Thus, there was no subjective evaluation of his performance that could have reflected discriminatory bias. It is difficult to see how such a neutral evaluation method possibly could be discriminatory,

and Mr. Tsai offered no evidence from which to conclude otherwise. In sum, the PAM Report affirms the district court's conclusion that MAA did not upgrade Mr. Tsai's position because it was correctly classified at Administrator II Grade 17, not because of any discriminatory motive.

Mr. Tsai also alleges that Ms. Walker and Mr. Grimes discriminated against him by lying about policies regarding the PAM analysis and deviated from normal procedure by improperly withholding Mr. Tsai's application from review by the Maryland Department of Transportation Human Resources Office. Mr. Tsai has not, however, identified an evidentiary link between these alleged deviations from protocol and any discriminatory motive on the part of Walker or Grimes. He does not dispute that Ms. Walker made the ultimate decision not to reclassify Mr. Tsai's position based upon the PAM Report, and Mr. Tsai has not shown any way in which the PAM analysis could be discriminatory given that it evaluated objective aspects of his position rather than his specific performance in that position. Similarly, Mr. Tsai alleged in his affidavit that after he filed an EEOC charge, Ms. Walker threatened that he would never get reclassified. But even taking this allegation as true, Walker did not conduct the PAM analysis of Mr. Tsai's classification, and Mr. Tsai fails to give any reason that her alleged threat made the PAM analysis

16

"unworthy of credence" in any manner.  <u>Causey</u>, 162 F.3d at 801.

As such, he has not shown pretext.  <u>Id.</u>

### III. Conclusion.

Because we conclude that summary judgment on Mr. Tsai's Title VII claims was appropriate, and that the district court did not abuse its discretion when it treated MAA's motion as one for summary judgment, we affirm.

<u>AFFIRMED</u>

17