Ronald NOWAK, Plaintiff–Appellant,

v.

ST. RITA HIGH SCHOOL,
Defendant–Appellee.

No. 97–2097.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 3, 1997.

Decided April 24, 1998.

Mark L. LeFevour (argued), Callahan, Fitzpatrick, Lakoma & McGlynn, Oak Brook, IL, for Plaintiff–Appellant.

Alan L. Fulkerson (argued), Riordan, Larson, Bruckert & McCambridge, Chicago, IL, for Defendant–Appellee.

Before WOOD, Jr., RIPPLE and DIANE P. WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Ronald Nowak ("Nowak") was a teacher at St. Rita High School ("St. Rita") in Chicago, Illinois. On October 7, 1994, Nowak was terminated. In a two-count complaint, Nowak brought suit against St. Rita, alleging violation of the Americans with Disabilities Act ("ADA") and breach of contract. Finding Nowak failed to produce sufficient evidence to create a genuine issue of material fact regarding his status as a "qualified individual" under the ADA, the district court granted St. Rita's motion for summary judgment.[1] Nowak appeals and we affirm.

## I. Background

We construe the facts in a light most favorable to Nowak. At the time of his termination, Nowak was a fifty-nine year old resident of Oak Forest, Illinois. St. Rita is a parochial high school located in the south side of Chicago, Illinois. Nowak began teaching full time at St. Rita in 1965. In addition to his full time teaching duties, Nowak was required to attend faculty meetings, orientation meetings, department meetings, parent-teacher meetings, inservice days, graduation activities and one of the two annual open houses. Beginning in December

1. After dismissing the ADA claim, the district court exercised its discretion and declined to assert jurisdiction over Nowak's pendent state law claim. Nowak appeals only with respect to the ADA claim.

1990, Nowak experienced several severe health problems.

Nowak was absent from St. Rita between December 29, 1990, and approximately April 1, 1991, because he was hospitalized for quadruple by-pass open heart surgery and a subsequent infection. Nowak also missed the final eight days of the academic year, May 1991, because of an infection in his right leg. As a result of these three hospitalizations, Nowak missed sixty-five and one-half regular school days and three examination days at the end of the school year.

On September 9, 1992, five days after the start of the 1992–93 academic year, Nowak was taken to the hospital after he experienced back problems standing erect. He was transferred to another hospital on September 10, 1992, and, thereafter, underwent surgery to stabilize his spine. On September 29, 1992, Nowak was transferred to a rehabilitation center until his discharge on December 3, 1992.

During Nowak's absence, St. Rita provided a substitute teacher, maintained Nowak's medical insurance, and continued to pay him a partial salary. The partial salary was the difference between Nowak's salary and the salary paid to the substitute teacher. St. Rita paid Nowak a partial teacher's salary for 1992 in the amount of $26,983.61.

In March 1993, Nowak attempted to return to work at St. Rita. Nowak and his therapists met with Joseph Bamberger ("Bamberger"), assistant principal at St. Rita, to discuss accommodations for Nowak's return to the classroom. As a result of that meeting, St. Rita made the following accommodations: (1) Nowak was assigned a classroom in close proximity to the faculty lounge and rest rooms; (2) Nowak was assigned a room with elevated seating so he could observe and better control his class while he remained seated; (3) Nowak was assigned a parking space in close proximity to his classroom; and (4) Nowak was allowed to teach half days and St. Rita agreed to provide a substitute for the classes he did not teach. Between March 15 and March 18, 1993, Nowak returned to St. Rita on four occasions for one-half day of teaching each day.

On March 24, 1993, Nowak was readmitted to the hospital where he remained until June 21, 1993. During this hospital stay, Nowak underwent operations on both of his hands and had an above-the-knee amputation of his left leg. While hospitalized, Nowak applied to the Social Security Administration ("SSA") for social security disability benefits and completed a disability report form in which he certified that he was unable to perform the duties of his job. On June 21, 1993, Nowak was transferred to another treatment facility for additional physical therapy. On July 28, 1993, Nowak was moved to a nursing home until his discharge to his home on October 1, 1993, where he received an additional five months of in–home therapy.

The SSA notified Nowak that, beginning in March,1993, he was entitled to a monthly benefit of $1,022.30 ("SSI Benefits") for his disability. In November 1993, Nowak received a check for $8,176.00 for SSI Benefits accruing between March and November, 1993. Since that time, Nowak has continued to receive SSI Benefits each month. While receiving these total disability benefits, Nowak neither informed any St. Rita administrator that he intended to return to the classroom nor requested a leave of absence.

Because of his extended illness and continual absence from the classroom, St. Rita administrators decided to terminate Nowak's faculty status. On October 7, 1994, Father Michael O'Connor ("Fr. O'Connor"), president of St. Rita at that time, sent a letter to Nowak informing him that he was being terminated. Also on October 7, 1994, at Fr. O'Connor's request, Bamberger called Nowak to notify him of his termination. Although he now contends that he would have been able to return to the classroom in January, 1995, if St. Rita had installed an access ramp, Nowak neither contacted nor requested any accommodations from St. Rita administrators between September, 1993, and October, 1994.

Following his termination, Nowak filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Nowak a right-to-sue letter on June 26, 1995. Nowak filed this suit on August 9, 1995. In

his original complaint, Nowak sought damages from St. Rita and Fr. O'Connor for ADA violations and breach of contract. After receiving permission to amend his complaint, Nowak dropped Fr. O'Connor as a defendant. Finding that Nowak was not a "qualified individual with a disability" at the time of his termination, the district court granted summary judgment in favor of St. Rita as to the ADA claim and dismissed the breach of contract claim for lack of jurisdiction. Subsequently, Nowak filed this timely appeal.

## II. Discussion

The sole issue raised in this appeal is whether genuine issues of material fact preclude the district court from determining Nowak's status as a "qualified individual with a disability" under the ADA as a matter of law. Nowak claims that the district court disregarded evidentiary materials he submitted which tend to show he was a "qualified individual" at the time of his termination. St. Rita, on the other hand, argues that Nowak failed to provide sufficient evidence that he was a "qualified individual" and, in the alternative, that Nowak is judicially estopped from claiming he was a "qualified individual" because he filed a claim for, and actually received, total disability benefits with the SSA.

### A. Standard of Review

We review the district court's grant of summary judgment *de novo*. *Venters v. City of Delphi*, 123 F.3d 956, 962 (7th Cir.1997). Summary judgment "shall be rendered" when the record, viewed in a light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed R. Civ. P. 56(c); *see also Vector–Springfield Properties, Ltd. v. Central Ill. Light Co., Inc.*, 108 F.3d 806, 809 (7th Cir.1997) (citing and paraphrasing Fed.R.Civ.P. 56(c)). In order for a party "to avoid summary judgment that party must supply evidence sufficient to allow a jury to render a verdict in his favor." *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir.1995). Presenting only a scintilla of evidence is not sufficient to oppose a motion for summary judgment. *Walker v. Shansky*, 28 F.3d 666, 671 (7th Cir.1994). Moreover, more than mere conclusory allegations are required to defeat a motion for summary judgment. Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). *Mills v. First Fed. Sav. & Loan Ass'n of Belvidere*, 83 F.3d 833, 840 (7th Cir.1996). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### B. "Qualified Individual"

The ADA states that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112. Thus, the ADA's proscription against employment discrimination protects only the class of persons who are "qualified individuals with a disability." As a part of Nowak's prima facie case, he must establish his membership in that class. *See Weigel v. Target Stores*, 122 F.3d 461, 465 (7th Cir.1997) ("[T]he elements of a plaintiff's prima facie showing must also include a showing that the plaintiff is a member of the protected class."). Neither party argues that St. Rita is not a "covered entity" nor do they dispute that Nowak has a disability. However, the parties disagree about whether Nowak presented sufficient evidence that he was a "*qualified individual* with a disability" to preclude summary judgment.

The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *Weigel*, 122 F.3d at 465. The regulations present two prongs to the definition of "qualified individual." *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1058–59 (7th Cir.1998). First, the disabled individual "sat-

isfies the requisite skill, experience, education and other job-related requirements of the employment position [he] holds or desires." 29 C.F.R. § 1630.2(m). Second, he "can perform the essential functions of such position" with or without accommodation. Id. Obviously, an employee who does not come to work cannot perform the essential functions of his job. See Tyndall v. National Educ. Centers, Inc., 31 F.3d 209, 213 (4th Cir.1994). The determination as to whether an individual is a "qualified individual with a disability" must be made as of the time of the employment decision. Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 563 (7th Cir.1996). The plaintiff bears the burden of proof on the issue of whether he is a "qualified individual" under the ADA. DeLuca v. Winer Indus., 53 F.3d 793, 797 n. 3 (7th Cir.1995). Thus, Nowak had to present evidence that on October 7, 1994, he possessed the necessary skills to perform his job, and that he was "willing and able to demonstrate these skills by coming to work on a regular basis." See Tyndall, 31 F.3d at 213. The district court ruled that Nowak failed to provide any evidence, medical or otherwise, that on October 7, 1994, he was able to perform the essential functions of his position as a teacher at St. Rita.

Nowak argues that the district court erred in granting summary judgment because there existed an issue of material fact as to his status as a "qualified individual with a disability." In support Nowak points to his testimony, the testimony of Bamberger and Plaintiff's Exhibits D and E (Nowak's medical records) as sufficient to create an issue of material fact concerning his ability to teach.

■ Initially, Nowak points to Bamberger's deposition testimony in which Bamberger indicates he believed Nowak had the necessary skills to perform his job as a teacher at St. Rita with reasonable accommodations. As evidence that Nowak had the necessary skills to perform as a teacher, he points to the fact that St. Rita re-employed him in March, 1993, after making accommodations and that, between March of 1993 and October of 1994, Bamberger repeatedly asked him when he was going to return to his teaching duties. Nowak suggests that this is

evidence that he was capable of performing the essential functions of his teaching position. Nowak's argument, however, misses its mark. St. Rita does not dispute the fact that if Nowak came to work he had sufficient teaching skills to perform his job. St. Rita merely contends that Nowak's attendance was an essential element of his teaching job and that Nowak neither attended his position for more than eighteen months prior to his termination nor indicated to any St. Rita administrator his intention to return to his teaching position.

■ In his brief, Nowak states that on the day he was terminated, October 7, 1994, he told Bamberger that he was ready to return to his teaching position. Unfortunately for Nowak, this self-serving post-termination claim is insufficient to raise a material issue of fact as to his ability to come to work on a regular basis prior to St. Rita's decision to terminate him. Furthermore, Nowak's own deposition testimony contradicts this assertion. During Nowak's deposition he admits that he had not attempted to return to his position on October 7, 1994, because he felt he was not physically able to return and that he needed more therapy and time, but that he hoped to return for the second semester. As the district court correctly noted in its order, "Nowak must prove that at the time of St. Rita's decision to discharge him, he possessed the necessary skills to perform his job and that he was willing and able to demonstrate these skills by coming to work on a regular basis."

Next, Nowak points to medical records contained in Plaintiff's Exhibits D and E as providing evidence of his ability to teach at the time of his termination. Nowak contends that his medical records indicate that he did not have any physical problems which would have indicated that he could not function as a teacher. He fails, however, to point to anything in these medical records indicating he was capable or willing to come to work on a regular basis prior to the termination decision.

The undisputed facts show that Nowak was unable to perform an essential function—regular attendance—required of a teacher at St. Rita. Prior to his termination,

Nowak was absent from his teaching position for more than eighteen months. During his absence from St. Rita, Nowak received SSI Benefits for more than sixteen months and apparently still receives them today. In order to receive this benefit, Nowak certified to the SSA that he was unable to perform the duties of his job. Nowak continues to receive SSI Benefits and has not notified the SSA that he is able to return to work. At no time, during the more than eighteen months Nowak was absent from his teaching position, did he contact St. Rita administrators to inform them that it was his intention to return to his teaching duties.

■ The undisputed evidence shows that Nowak failed to meet his burden of establishing he was a "qualified individual with a disability" at the time of his termination. The ADA does not require an employer to accommodate an employee who suffers a prolonged illness by allowing him an indefinite leave of absence. *See Christian v. St. Anthony Medical Center, Inc.*, 117 F.3d 1051, 1053 (7th Cir.1997) (stating that the ADA does not protect an employee from being fired because of illness); *see also, Rogers v. International Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir.1996) (stating that nothing in the ADA requires an employer to accommodate an employee with an indefinite leave of absence and that because the plaintiff could not attend work, he was not a "qualified individual with a disability" under the ADA). Thus, Nowak cannot maintain his claim of employment discrimination under the ADA.

St. Rita argues that Nowak is judicially estopped from raising his ADA claim because Nowak requested and received SSI Benefits, but we need not discuss that issue since we find Nowak failed to present evidence that he was a "qualified individual with a disability" at the time of his termination. *See Weigel v. Target Stores*, 122 F.3d 461, 467 (7th Cir. 1997) (holding that fundamental differences

2. We also note that the Third Circuit recently cast doubt on the continuing vitality of its holding in *McNemar v. Disney Store, Inc.*, 91 F.3d 610 (3d Cir.1996), cert. denied, —— U.S. ——, 117 S.Ct. 958, 136 L.Ed.2d 845 (1997), a case relied on by St. Rita in support of its judicial estoppel argument. *See Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir.1997) (discussing the

between the SSA's definition of disability and the ADA's definition of "qualified individual with a disability" precluded a *per se* rule that an SSA disability determination provides "conclusive evidence as to whether one is protected under the ADA," but suggesting that receipt of Social Security benefits provides some evidence of the severity of the disability).[2]

### III. Conclusion

Nowak failed to present sufficient evidence that he was a "qualified individual with a disability" and, thus, his ADA claim must fail.

AFFIRMED.

severe criticism that the *McNemar* decision generated in both academia and other courts and noting it was decided before the EEOC adopted guidelines to the effect that "the ADA and the disability provisions of the Social Security Act have different purposes, and have no direct application to one another").