Karla OESTRINGER, Plaintiff–Appellant,

v.

DILLARD STORE SERVICES, INCORPORATED, Defendant–Appellee.

No. 03–1587.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 9, 2004.*

Decided Feb. 9, 2004.

---

\* The court granted appellant's motion to waive oral argument in an order dated November 18, 2003. Thus, the appeal is submitted on the briefs and the record.

Before POSNER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

Karla Oestringer, a former sales associate with Dillard Store Services who suffers from Ehlers–Danlos Syndrome (EDS), filed this lawsuit alleging that Dillard failed to accommodate her disability and wrongfully terminated her employment in violation of the Americans with Disabilities Act (ADA). The district court entered summary judgment for Dillard because Oestringer failed to establish that she could perform the duties of her employment with or without accommodation. Oestringer appeals, and we affirm.

Oestringer was diagnosed with EDS in 1998 after suffering from hip, wrist, and ankle pain for several years. EDS is an inherited disorder characterized by "hyperelasticity and fragility of the skin, hypermobility of the joints, and fragility of the cutaneous blood vessels." *Stedman's Medical Dictionary* 1753 (27th ed.2000). Oestringer began working for Dillard in April 2000 as a sales associate–a job that required her to take merchandise off carts, fold and move merchandise, and walk through the department greeting and servicing customers. At the time Oestringer joined Dillard, the company had an attendance policy that allowed employees who had worked less than six months to be absent for up to one week in case of an emergency.

On June 7, 2000, Oestringer visited her doctor after dislocating her ankle at work.

Oestringer's doctor filled out a work-release form for her stating that she could not work from June 7 to June 14. Oestringer then returned to work, but soon thereafter reinjured her ankle. After this incident, Oestringer's doctor told her not to work until July 3. By that date, however, Oestringer's ankle had not healed, so her doctor filled our another work-release form stating that she should not work until July 18. When Oestringer did not return to work by July 27, the secretary for Dillard's Operations Manager, Suzanne Tassello, called her to find out if she was going to come in and work her scheduled shift that day. Oestringer told Tassello that she could not return to work and would need additional leave time. Tassello reminded Oestringer that she had already used her one-week emergency leave, and told her that if she did not return to work she would be discharged. Oestringer did not return to work, and she soon received a "Notice of Resignation" form from the store with the box "Due to Health" checked as the reason for voluntary resignation. Oestringer did not return the form, so Dillard administratively terminated her, effective July 31.

Upon receiving a right-to-sue letter from the EEOC, Oestringer filed this lawsuit alleging discrimination under the ADA. Oestringer claimed that she could have performed her job as a sales associate if Dillard had reasonably accommodated her disability by allowing her to take short leaves of absence, sit on a stool at work, or gradually return to her full work schedule.

The district court granted summary judgment to Dillard, holding that Oestringer did not establish that her request for continuous absences was reasonable or that she could have performed the essential duties of her position if she had been permitted to gradually return to work. The court also rejected Oestringer's claim

that she could have performed the essential duties had she been permitted to sit on a stool because the only evidence she provided came from her own affidavit, which was contradicted by her prior deposition testimony.

On appeal Oestringer argues that the district court erred in finding there was no genuine issue as to any material fact establishing that she could have performed the duties of a sales associate with her requested accommodations. Performing the essential functions of the job with or without reasonable accommodation from the employer is one of the elements that a plaintiff must show in order to establish a claim under the ADA. 42 U.S.C. § 12111(8).

█ Oestringer first challenges the district court's finding that her request for continuous absences was not a reasonable accommodation. She argues that she could have returned to work had Dillard allowed her sufficient time off work to allow her ankle to heal. It is true that an employer's failure to accommodate reasonable requests for medical leave violates the ADA, see *Haschmann v. Time Warner Entm't Co.*, 151 F.3d 591, 601 (7th Cir. 1998) (finding leave request of two to four weeks reasonable), but a request for medical leave is reasonable only if it is for a short amount of time, see *Byrne v. Avon Prods., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003) (two-month leave request not reasonable), and cannot be indefinite, see *Nowak v. St. Rita High Sch.*, 142 F.3d 999, 1004 (7th Cir.1998) (18–month absence not reasonable). While Oestringer's doctor had authorized several short absences—one or two weeks in length—at the time she was terminated on July 31, she had been absent from work continually for six weeks. When Oestringer spoke to Suzanne Tassello on July 27, she did not request a specific amount of time off, but rather informed Dillard simply that she continued to suffer

from her ankle injury and could not come to work. Oestringer's extended absence—which had no definite endpoint—shows that she was not a "qualified individual" when Dillard terminated her employment because she could not attend work. *See EEOC v. Yellow Freight Sys., Inc.,* 253 F.3d 943, 949 (7th Cir.2001) (en banc) (ADA does not require employers to accommodate "unreliable attendance").

■ Oestringer also makes undeveloped challenges that the district court erred in finding that her requests to work while sitting on a stool or work a limited schedule was not a reasonable accommodation. In her opening brief, Oestringer claims that she requested the accommodations and repeatedly maintained that she could have performed her job if allowed these two accommodations; however, she points to no authority or relevant evidence in the record to support her argument, nor does she specify particular errors in the district court's decision. Prefunctory and undeveloped arguments are waived, especially when a litigant such as Oestringer is represented by counsel. *See 330 West Hubbard Rest. Corp. v. United States,* 203 F.3d 990, 997 (7th Cir.2000).

Finally, by failing to present it first to the district court, Oestringer has also waived her argument that the district court erred in granting summary judgment to Dillard on the issue of its liability for failure to engage in the interactive process.

Accordingly, we AFFIRM the decision of the district court granting summary judgment for Dillard.