NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 10, 2007
Decided May 9, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE , *Circuit Judge*

No. 06-1692

| | |
|---|---|
| DAVID L. HAMM, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 04 C 7154 |
| EXXON MOBIL CORPORATION, | |
| *Defendant-Appellee.* | Robert W. Gettleman, |
| | *Judge.* |

**O R D E R**

David Hamm filed suit against his employer, Exxon Mobil Corporation, claiming that Exxon had failed to reasonably accommodate his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117, *et seq.* The district court granted Exxon's motion for summary judgment, finding that Hamm had failed to establish a triable issue of fact as to whether he was a qualified individual with a disability. Hamm appeals, and we affirm.

For nearly thirty years, until his termination on November 4, 2002, Hamm held a variety of jobs at Exxon's Joliet, Illinois refinery. Beginning in February 2000, however, he began to suffer from a series of medical conditions and illnesses that required him to take several extended leaves of absence. Following his successful treatment for cancer in early 2002, Hamm reported back to Exxon on September 16, 2002 for a return to work evaluation. The evaluation revealed that he was no longer

eligible to resume his job as a transportation specialist because his eyesight failed to satisfy the requisite standards for that position. Exxon instead offered Hamm its only available position, which was as a field mechanic.

On October 16, 2002, the day after Hamm reported for duty as a field mechanic, he received a letter from Exxon that stated that he would be going on a special shift for "turn around." During turn around, Exxon shuts down a unit and performs major maintenance on the equipment. It is a process that is both labor-intensive and physically demanding. An employee working turn around must work overtime. Hamm did not think that he was physically up to the job of working turn around. Over the course of the next few days, he expressed his concerns about his ability to handle the physical labor to his doctors but not to his supervisor or any other manager at Exxon. His doctors sent notes to Exxon, stating that Hamm was medically unable to work overtime and that he was unable to wear a face mask. Ultimately, on October 18, 2002, one of Hamm's doctors sent a note to Exxon that said that Hamm needed an additional month off from work.

In response, Exxon sent Hamm a letter dated October 24, 2002, stating that he was placed on FMLA leave effective October 21, 2002. The letter also notified Hamm that if Exxon's medical department did not receive a written release for him to return to work, without restrictions, by October 31, 2002, his employment would be terminated effective November 4, 2002. He failed to provide such a release from his doctor and was terminated. At the time of his termination, Hamm had exhausted all of his paid and unpaid leave.

In this appeal, Hamm argues that the district court erred in finding that he was not a qualified individual with a disability for purposes of establishing a claim of discrimination under the ADA. We review a district court's grant of summary judgment *de novo. Kampmier v. Emeritus Corp.*, 472 F.3d 930, 936 (7th Cir. 2007) (*citing Davis v. Con-Way Transp. Cent. Express, Inc.*, 368 F.3d 776, 782 (7th Cir. 2004)). Summary judgment is appropriate if the nonmoving party fails to make a sufficient showing of evidence for each essential element of its case on which it bears the burden of proof at trial. *Id.* (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)).

The ADA requires employers to make reasonable accommodations for the disabilities of qualified individuals and prohibits employers from taking adverse employment actions against disabled individuals because of their disabilities. 42 U.S.C. § 12112(b)(5)(A); *Timmons v. General Motors Corp.*, 469 F.3d 1122, 1125 (7th Cir. 2006). The employment provisions of the ADA only protect qualified individuals with disabilities, those individuals who, with or without a reasonable accommodation, can perform the essential functions of their position. *See* 42 U.S.C. § 12111(8); *Miller v. Ill. Dep't of Corr.*, 107 F.3d 483, 485 (7th Cir. 1997).

   To succeed on his failure-to-accommodate claim under the ADA, Hamm must show (1) that he is a qualified individual with a disability; (2) Exxon was aware of that disability; and (3) Exxon failed to reasonably accommodate the disability. *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005). Whether an individual is a "qualified individual with a disability" is a two-part inquiry. *Basith v. Cook County*, 241 F.3d 919, 927 (7th Cir. 2001). "First, we consider whether the individual satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, license, etc." *Id.* (internal quotations and citations omitted). Second, if the individual does satisfy the position's prerequisites, we "consider whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation." *Id.* (internal quotations and citations omitted). Whether an individual is a qualified individual with a disability is determined as of the time of the employment decision. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 563 (7th Cir. 1996) (*citing* C.F.R. app. § 1630.2(m)). There is no dispute that Hamm satisfied the first inquiry, so we turn our attention to the second inquiry: whether Hamm was able to perform the essential functions of the field mechanic position, with or without reasonable accommodation, as of November 4, 2002.

   Attendance is an essential aspect of most jobs. *See EEOC v. Yellow Freight Sys., Inc.*, 253 F.3d 943, 948-49 (7th Cir. 2001) (*en banc*). We have held that the "[i]nability to work for a multi-month period removes a person from the class protected by the ADA." *Byrne v. Avon Products, Inc.*, 328 F.3d 379, 381 (7th Cir. 2003). *See also Waggoner v. Olin Corp.*, 169 F.3d 481, 482 (7th Cir. 1999) ("The rather common-sense idea is that if one is not able to be at work, one cannot be a qualified individual."). Hamm does not dispute that regular attendance was a requirement of all of the positions at Exxon. Yet, between February 2000, when he was diagnosed with carpal tunnel syndrome, and his termination on November 4, 2002, he worked approximately five days. At summary judgment, he needed to demonstrate that he could attend work in order to show that he was a "qualified individual." That Hamm sought an additional month off from work, after being on leave for nearly three years, makes evident that he was not a "qualified individual" when he was terminated. *See Byrne*, 328 F.3d at 381 (proposed accommodation of a two-month leave showed that plaintiff was not a qualified individual for purposes of the ADA); *Nowak v. St. Rita High Sch.*, 142 F.3d 999, 1004 (7th Cir. 1998) ("[A]n employee who does not come to work cannot perform the essential functions of his job.").

   Hamm argues, however, that Exxon should have accommodated him by giving him an additional month to recover from his cancer treatment. The ADA only contemplates accommodations that will allow the individual to "perform the essential functions of the employment position. Not working is not a means to perform the job's essential functions." *Byrne*, 328 F.3d at 381 (internal quotations omitted). And the record does not establish that he would have succeeded in returning to work after an additional

month's leave.  *Cf. Haschmann v. Time Warner Entertainment Co.*, 151 F.3d 591, 601 (7th Cir. 1998) (reasonable jury could conclude that short leave of absence of 2-4 weeks was a reasonable accommodation of plaintiff's disability where doctor stated that he was optimistic that plaintiff's flare-up of her lupus would be short-lived).

Because there is no triable issue of fact as to whether Hamm was a qualified individual with a disability under the ADA, summary judgment was appropriate.  In light of his failure to establish a necessary element of a *prima facie* claim of disability discrimination under the ADA, we need not address his remaining arguments.

AFFIRMED