15-2498-cv
Grabin v. Marymount Manhattan College

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of August, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             SUSAN L. CARNEY,
                       *Circuit Judges*.

_____

HEATHER GRABIN,

                 *Plaintiff-Appellant*,

          v.                                             15-2498-cv

MARYMOUNT MANHATTAN COLLEGE,

                 *Defendant-Appellee*.[1]

_____

Appearing for Appellant:     Michael Confusione, Hegge & Confusione, LLC, Mullica Hill, NJ.

Appearing for Appellee:      Philip C. Semprevivo, Biedermann Hoenig Semprevivo, PC, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Heather Grabin appeals from the July 2, 2015 opinion and order of the District Court of the Southern District of New York (Failla, *J.*) granting defendant-appellee Marymount Manhattan College's successive motion for summary judgment on Grabin's complaint, which alleged that the college failed to accommodate Grabin's disability in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. *See Grabin v. Marymount Manhattan Coll.*, No. 12 CIV. 3591 KPF, 2015 WL 4040823 (S.D.N.Y. July 2, 2015). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Grabin first argues that the district court abused its discretion in considering the successive summary judgment motion based on its rulings on the parties' motions in limine. "[D]istrict courts enjoy considerable discretion in entertaining successive dispositive motions." *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004). And we have already held that a district court may properly entertain successive summary judgment motions based on its rulings on motions in limine. *See Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012) ("[S]uccessive motions for summary judgment may be procedurally improper if the arguments in the second motion could have been raised in the first motion, but given the district court's evidentiary ruling on the motion in limine and its effect on the factual record, the Appellees had reason to move again for summary judgment. Thus, the district court did not abuse its discretion in deciding successive summary judgment motions." (citations omitted)). Accordingly, the district court did not abuse its discretion in considering this successive summary judgment motion.

Grabin next argues that the court should not have limited the evidence it considered on summary judgment based on its in limine rulings because in limine motions are not definite rulings on the admissibility of evidence and evidence need not be admissible to be considered at summary judgment. These arguments are similarly unavailing. Although some rulings on motions in limine are not definite, others, such as the ones made by the district court, are not preliminary, not contextually bound, and not subject to review or reconsideration at trial and thus are definite. *Cf. United States v. Yu-Leung*, 51 F.3d 1116, 1121 (2d Cir. 1995) ("[W]ith respect to evidentiary questions that are not contextually bound, courts have held that a motion *in limine* may preserve an objection when the issue (1) is fairly presented to the district court, (2) is the type of issue that can be finally decided in a pre-trial hearing, and (3) is ruled upon without equivocation by the trial judge."). Grabin also argues that evidence need not be admissible to be considered at summary judgment and therefore the evidence should be considered despite the court's ruling that it would be inadmissible at trial. Although it is true that "the nonmoving party [need not] produce evidence in a form that would be admissible at trial in order to avoid summary judgment," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), "any evidence considered on summary judgment must be reducible to admissible form," *Figueroa v. Mazza*, — F.3d —, 2016 WL 3126772, at *5 n.8 (2d Cir. June 3, 2016); *see also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985). Because the district court ruled that Grabin could not introduce the medical evidence through her own testimony, and Grabin did not demonstrate an alternative way to introduce that evidence, the district court did not err in declining to consider it in ruling on the summary judgment motion.

2

Grabin next challenges the grant of summary judgment based on the evidence considered. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under" any covered program or activity. 29 U.S.C. § 794(a). Grabin's claim is that Marymount Manhattan College failed to accommodate her alleged disability, thalassemia, a blood disorder. The basis for this claim is Marymount Manhattan College's alleged failure to accommodate her hospitalizations in the fall of 2010 for an E. coli infection and tonsillitis. Because Grabin does not allege that the E. coli infection and tonsillitis are themselves disabilities, to survive summary judgment she must proffer evidence that her thalassemia is linked to the bouts of E. coli and tonsillitis she suffered. *See Buckley v. Consol. Edison Co. of N.Y.*, 155 F.3d 150, 157 (2d Cir. 1998).

The district court ruled in limine that Grabin was not permitted to testify that her thalassemia caused the E. coli or tonsillitis or caused them to be especially severe. Grabin has not challenged this ruling on appeal and therefore has waived the issue. But even if we were to consider it, the district court did not abuse its discretion in excluding this line of testimony. *See Lore v. City of Syracuse*, 670 F.3d 127, 155 (2d Cir. 2012). Under Federal Rule of Evidence 701, a lay witness can testify only about opinions that are "rationally based on the witness's perception," and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(a), (c). Grabin sought to testify that her thalassemia caused her to have a weakened immune system, which in turn caused her to become ill in the fall of 2010 with E. coli and tonsillitis. This is not an opinion that is rationally based on Grabin's own perception and is instead based on scientific knowledge. Grabin was accordingly properly precluded from offering this testimony. Additionally, to the extent that Grabin sought to testify that doctors informed her that her fall 2010 illnesses were a result of her thalassemia, this would be inadmissible hearsay not subject to any exception. *See Field v. Trigg Cty. Hosp., Inc.*, 386 F.3d 729, 735-36 (6th Cir. 2004) (holding that Federal Rule of Evidence 803(4), the hearsay exception for statements made for medical diagnosis or treatment, does not apply to statements made by doctors); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996) (same); *Stull v. Fuqua Indus., Inc.*, 906 F.2d 1271, 1273-74 (8th Cir. 1990) (same); *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985) (same). The court therefore did not err in granting summary judgment, as there was no evidence that could be reduced to admissible form showing a link between Grabin's fall 2010 illnesses and her alleged disability.[2]

Finally, we address the district court's ruling on Grabin's letter-motion seeking to introduce a treating physician as a witness to testify about, among other things, the connection between Grabin's thalassemia and her illnesses in fall 2010. None of Grabin's treating physicians had previously been listed as witnesses, subject to Rule 26 disclosures, or deposed. Grabin's request was made on March 17, 2015, nearly 16 months after discovery closed, and months after the successive summary judgment was fully briefed. Even then, Grabin did not say specifically who would testify, nor did she provide an affidavit or declaration with information about what the doctor would testify to. The only explanation for Grabin's failure to introduce testimony of a treating physician previously was her change of counsel in January 2015. Grabin argued that she

---

[2] We therefore need not address the district court's ruling that there was not a material question of fact regarding whether Grabin had a disability under the Rehabilitation Act.

merely sought an amendment of the joint pretrial order, rather than a reopening of discovery, but this treating physician would have had to testify as an expert witness, *see* Fed. R. Evid. 701(c), and Marymount Manhattan College may then have sought to introduce its own expert or engage in *Daubert* motion practice.

A district court "has wide discretion in punishing failure to conform to the rules of discovery." *Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988); *see also In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F.3d 56, 58 (2d Cir. 1998) (review is for abuse of discretion). "In determining whether a district court has exceeded its discretion, we consider the following factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). Here, Grabin did not offer a sufficient explanation for the failure to comply with the discovery order, and Marymount Manhattan College would be prejudiced by this late change in strategy. *Compare Softel, Inc.*, 118 F.3d at 962, *with Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 213 (2d Cir. 2009), *and Outley*, 837 F.2d at 591. Additionally, although the testimony of the precluded witness may well be critical to Grabin's case, she never identified the witness, provided a declaration from the witness, or produced any other evidence of what the witness would testify to. Finally, although a continuance would be possible, as the trial date had already been adjourned, allowing deadlines to continue to slip "result[s] in the backup of other cases and eventual scheduling chaos as a series of bottlenecks builds." *Softel*, 118 F.3d at 962-63. Accordingly, we cannot conclude that the district court abused its discretion in denying Grabin's request to add a still unspecified medical witness.

We have considered the remainder of Grabin's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk