23-7969
*Sanderson v. Leg Apparel LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-five.

Present:
>
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JON O. NEWMAN,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

AFTERN SANDERSON,

>    *Plaintiff-Appellant*,

>    v.                                                      23-7969

LEG APPAREL LLC, AIMEE LYNN ACCESSORIES, INC.,
STEVEN H. SPOLANSKY, MELISSA ROMANINO,
STUART DIAMOND,

>    *Defendants-Appellees*,


DAYTONA APPAREL GROUP, LLC,
>    *Defendant*.

_____

For Plaintiff-Appellant:              AFTERN SANDERSON, pro se, New York, NY.

For Defendants-Appellees:                    PAXTON MOORE (Maureen M. Stampp, *on the brief*), Seyfarth Shaw LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.[1]

Plaintiff-Appellant Aftern Sanderson appeals from a judgment entered by the United States District Court for the Southern District of New York (Woods, *J.*), after a jury found that Defendants Leg Apparel LLC and Aimee Lynn Accessories, Inc. retaliated against him in violation of New York State Human Rights Law and Title VII of the Civil Rights Act of 1964 but did not discriminate or retaliate against him in violation of New York City Human Rights Law. On appeal, Sanderson contests the district court's exclusion of statements by his physicians and a report by the New York State Division of Human Rights. He also contends that the district court abused its discretion by allowing Defendants to "unduly" and "constantly" object during his cross-examination of witnesses. Appellant's Br. 28–30. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to **AFFIRM.**

**I.      Exclusion of Evidence**

We review the district court's challenged evidentiary rulings for abuse of discretion. *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 385 (2d Cir. 2006). Even if a district court excludes evidence, we will not modify or disturb a judgment if the error was harmless. *See* Fed R. Civ. P. 61; Fed. R. Evid. 103(a); *Warren v. Pataki*, 823 F.3d 125, 138 (2d Cir. 2016). "In civil

---

[1] We **DENY** Sanderson's accompanying motions to this appeal.

cases, the burden falls on the appellant to show that the error was not harmless." *MacDermid Printing Sols. LLC v. Cortron Corp.*, 833 F.3d 172, 189 (2d Cir. 2016) (citations omitted).

Sanderson first argues that he should have been permitted to introduce evidence of his doctors' statements pursuant to Federal Rules of Evidence 803(4) and 807. But Rule 803(4) does not open the door to all out-of-court statements made by doctors or medical providers; to the contrary, the rule applies only to statements made by or derived from the individual seeking medical attention. *See, e.g.*, *Grabin v. Marymount Manhattan Coll.*, 659 F. App'x 7, 10 (2d Cir. 2016) (summary order); *Field v. Trigg Cnty. Hosp., Inc.*, 386 F.3d 729, 735–36 (6th Cir. 2004); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996); *Stull v. Fuqua Indus., Inc.*, 906 F.2d 1271, 1273–74 (8th Cir. 1990); *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985). Likewise, Rule 807 applies only if the statement "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a)(2). Here, Sanderson never demonstrated that he undertook reasonable efforts to obtain the testimony of his medical providers. In addition, Sanderson argues that the district court erred in excluding a report of the New York State Division of Human Rights regarding his claims against Defendants. But Sanderson does not explain how the exclusion of this evidence prejudiced him, and we decline to "manufacture" this argument for him. *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir.1995).

**II.     Sanderson's Cross Examination of Witnesses**

Sanderson next contends the district court abused its discretion by sustaining numerous objections during his cross-examination of witnesses, preventing him from litigating his case effectively. District courts must exercise "reasonable control over the mode and order of examining witnesses" to "make those procedures effective for determining the truth," "avoid wasting

time," and "protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). Accordingly, a district court has "wide latitude . . . to impose reasonable limits on cross-examination based on concerns about, among other things, . . . interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see also Manley v. Am-Base Corp.*, 337 F.3d 237, 247 (2d Cir. 2003) (same).

The district court did not abuse its discretion in allowing Sanderson to be interrupted during his cross-examination. Despite repeated warnings from the district court, Sanderson's pro se cross-examinations were often interspersed with lengthy soliloquies. At other times, he argued with the witness's recollection or responded with his own conclusions. The district court appropriately allowed opposing counsel to object and interrupt Sanderson's cross-examination when it was clear that he was impermissibly using his questions as a vehicle to testify or argue. *See, e.g.*, *Dallal v. N.Y. Times Co.*, 352 F. App'x 508, 512 (2d Cir. 2009) (summary order) (concluding that the district court "reasonably addressed plaintiff's occasionally argumentative style of questioning"); *cf. United States v. Gayle*, 406 F. App'x 352, 363 (11th Cir. 2010) (determining that a district court properly "cut off . . . objectionable questioning" to caution counsel "about crossing a line between leading questions and 'oratory'"). In so doing, the district court did not deprive Sanderson of the chance to cross-examine witnesses—in fact, it often let Sanderson proceed to a question over a valid objection. The district court was therefore well within its discretion in managing Sanderson's cross-examination.

\* \* \*

4

We have considered Sanderson's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court